IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMILA PAUL,

      Plaintiff,

v.                                 CASE NO. 1:09-cv-00170-MP-AK

ALACHUA COUNTY PUBLIC SCHOOLS,

      Defendant.

_____/

# **O R D E R**

This matter is before the Court on Doc. 3, Motion to Dismiss Plaintiff's Complaint for Failure to State a Cause of Action and Incorporated Memorandum of Law. The Defendant also moved (Doc. 5) to file a reply which discussed the holding of <u>Satchel v. School Bd. of Hillsborough County</u>, 251 Fed.Appx.626 (11th Cir. 2007). That motion is granted and the Court has considered that Reply as well as Plaintiff's response to it.

According to the Complaint in this case, certain staff members of Newberry High School assembled the students and various adult staff members of both sexes in the gymnasium and told them that no one could leave the gymnasium without permission. Then, the staff members led the children and adults in an activity which was calculated to result in the genital area of adults or children, or the cloth covering them, to come into direct contact with the buttocks of other adults or children, or the cloth covering them, repeatedly, based upon the color of underwear or the lack of underwear each participant was wearing. Additionally, in a second activity (the "booty dance"), children were required to grind their buttocks, or the cloth covering them, against the buttocks, or the cloth covering them, of other children or adults, while dancing to rap

music. In both activities, the required contact was alleged to be between all combinations of adults and children and males and females.

Plaintiff was a high school counselor at Newberry High School who was directed by her superiors to coordinate the logistics of the event (the "Challenge Day" program) and to participate in it, but who did not plan or know ahead of time the specific activities that would take place at the event. When Plaintiff saw that these activities were being required by the adult staff members, she was horrified and refused to participate. She also complained to the principal, Hershel Lyons, that this activity violated the school's code of ethics and constituted sexual harassment of students and staff members.

Although the principal excused her from the activity, he later gave her a negative mark on her performance review specifically for failing to participate in this activity. When she continued to point out the sexually harassing nature of the activities, Principal Lyons allegedly became irate with her and insisted she should have participated nonetheless. Immediately after the meeting with the principal, the Plaintiff contacted the Bureau of Professional Practices in Tallahassee, Florida, and the Alachua County Education Association, and informed them of the activities. They indicated that they would investigate the matter.

Two weeks later, Principal Lyons called plaintiff into his office and indicated that he was going to terminate Plaintiff, arguing that he had the right to terminate her without explanation because she was still in her probationary period. When Plaintiff asked whether the threat of termination had to do with her complaints, Principal Lyons did not respond directly, and simply reiterated his belief that he could terminate her without explanation during her probationary period. He offered to allow her to resign to prevent the termination from going on her record. Seeing no other choice, she accepted this offer and then brought this action, alleging retaliation

under the Florida Civil Rights Act of 1992 ("FCRA"), fla. stat §§ 760.01 *et seq.,* and Title VII of

the Civil Rights Act of 1964 ("Title VII"), as amended by the Civil Rights Act of 1991, 42 U.S.C

§§ 2000e *et seq.*

> The School Board moves to dismiss the case, arguing that
>
> Plaintiff fails to allege that the Challenge Day program is an unlawful
> employment practice under Title VII. While Plaintiff claims that some of the
> activities had "sexual overtones," Plaintiff never actually alleges that she was
> harassed or discriminated against on the basis of sex.

The Court disagrees.  The Challenge Day program, as alleged, created an environment where a

female employee such as Plaintiff would reasonably feel expected to allow adult and underage

males to make contact with her buttocks or genital area, or the cloth covering them, in an

obviously sexually charged atmosphere (considering the references to individuals' underwear or

lack thereof, and the use of the term "booty dance.").  The fact that children and adults wore

clothing while engaging in genital area-buttocks contact or buttocks-buttocks contact makes no

difference.  In fact, Fla. Stat. § 800.04 defines Lewd or lascivious offenses committed upon or in

the presence of persons less than 16 years of age as follows:

(5)  LEWD OR LASCIVIOUS MOLESTATION.--

   (a)  A person who intentionally touches in a lewd or lascivious manner the breasts, genitals,
genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, or
forces or entices a person under 16 years of age to so touch the perpetrator, commits lewd or
lascivious molestation.

The fact that clothing was worn makes no difference under that statute.

In <u>Johnson v. Booker T. Washington Broadcasting Service, Inc.</u>, 234 F.3d 501 (11th Cir.

2000), the very case cited by Defendant, one of the complaints of harassment was of "standing so

close to Johnson that his body parts touched her from behind."  Here the conduct is intentional

rubbing of the buttocks together of children and females with adults and males and each being

required to sit on the laps of each other and of adult males.  If the allegations of the complaint are true, it is astonishing that the school staff members would think an activity involving sexually charged genital area-buttocks contact and buttocks-buttocks contact between children and adults was permissible,  much less being a successful self-esteem builder.  It is even more astonishing that the school board would now argue that these activities are not unlawful sexual harassment of all involved.

Simply put, Plaintiff alleges that she refused to participate in unwelcome sexual touching being forced upon her by co-workers and ultimately the principal.  Then she was allegedly terminated for refusing to so participate and for continuing to complain about the unlawful conduct.  Accordingly, the Complaint states a cause of action for retaliation and the motion to dismiss is denied.

**DONE AND ORDERED** this  *22nd*  day of September, 2009

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge